PAUL BENCSKO, PLAINTIFF, v. CAESAR A. CANNARA, DEFENDANT.

Argued May 7, 1930—Decided May 19, 1930.

Before Justices BLACK and CASE.

For the rule, *Stein, McGlynn & Hannoch.*

*Contra, John W. Palmer.*

PER CURIAM.

The problem for solution in this case is whether the defendant, Caesar A. Cannara, was discharged from liability of a debt, in a bankruptcy proceeding by the United States District Court, District of New Jersey, on September 8th, 1925. The situation grew out of the following facts, as set forth in the defendant's petition addressed to this court, viz.: A suit was commenced on November 23d, 1923, to recover damages for personal injuries caused by the negligence of the defendant, in operating an automobile. On January 27th, 1925, a verdict was entered against the defendant and in favor of the plaintiff, in the Essex Circuit Court for $10,000. A judgment was entered on the verdict on February 9th, 1925, for $10,000. On January 30th, 1925, the defendant and petitioner was adjudged a bankrupt by the United States District Court. On January 30th, 1925, the

petitioner filed a schedule of his assets and liabilities, which included a judgment in the New Jersey Supreme Court. On March 5th, 1925, a proof of claim was filed and on September 8th, 1925, the petitioner was discharged from all debts and claims, &c. On April 15th, 1930, the Chief Justice granted the rule to show cause, why the judgment should not be canceled, setting aside the execution issued thereon, enjoining the sale of the property levied under the execution. The case is brought before the court on a stipulation of facts, in lieu of testimony. The crux of the case is whether a "verdict" and "judgment" are synonymous terms within the meaning of section 63 of the Bankruptcy act of 1898. It will be observed that the verdict was rendered on January 27th, 1925; the judgment was not entered until February 9th, 1925; but on January 30th, 1925, the petitioner was adjudged a bankrupt. The statute provides for debts which may be proved, viz., of "a fixed liability, as evidence by a judgment or an instrument in writing absolutely owing at the time of the filing of the petition against him, whether then payable or not, &c."

After hearing the argument of the respective counsel and reading and considering the helpful and exhaustive briefs, we are led to the conclusion that the petitioner, the defendant was not discharged from the debt in question, on the ground that it was not made provable under the statute. The result is, the rule to show cause heretofore allowed by the Chief Justice on April 15th, 1930, is discharged, with costs. An order may be entered to that effect.